IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

NORICELY RODRIGUEZ MARQUEZ
1917 MANATEE DR
KISSIMMEE FL 34759,

        Plaintiff,

Vs.

REAL TIME RESOLUTIONS, INC
1750 Regal Row
Dallas, TX 75235

        Defendants

_____/

Case No.:

6:10-cv-1733-Orl-19GJK

FILED
2010 NOV 22 PM 4: 02
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt.

### II. JURISDICTION

3. Jurisdiction arises under 15 U.S.C. § 1692k, and 28 U.S.C. §1337.

### III. PARTIES

*PLAINTIFF NORICELY RODRIGUEZ MARQUEZ*

4. Plaintiff, NORICELY RODRIGUEZ MARQUEZ ("Plaintiff"), is a natural person who resides in Kissimmee, Florida at the address captioned.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" within the meaning of the FCRA. 15 U.S.C. § 1681a(c).

*DEFENDANT REAL TIME RESOLUTIONS, INC*

1

7. Defendant REAL TIME RESOLUTIONS, INC is a professional association under the laws of Florida.

8. Defendant REAL TIME RESOLUTIONS, INC. registered agent C T CORPORATION SYSTEM 1200

9. Defendant REAL TIME RESOLUTIONS, INC's registered agent may be served with legal process at SOUTH PINE ISLAND ROAD PLANTATION FL 33324

10. Defendant is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

11. Defendant is a "furnisher of information" within the meaning of the FCRA. 15 U.S.C. § 1681s-2 *et seq*

## IV. STATEMENT OF CLAIM

12. Defendant REAL TIME RESOLUTIONS, INC reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

13. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

14. The inaccurate information consists of misrepresenting the payment history, account balance and/or status of the account.

15. In or around September 2010, Plaintiff disputed the inaccurate information with credit reporting agencies including but not limited to Experian.

16. Experian forwarded Plaintiff's dispute regarding the account to Defendant REAL TIME RESOLUTIONS, INC.

17. Experian contacted Defendant REAL TIME RESOLUTIONS, INC as part of its reinvestigation of the account.

18. Defendant REAL TIME RESOLUTIONS, INC did not timely correct the inaccurate information that Defendant REAL TIME RESOLUTIONS, INC reported to Experian and other credit reporting agencies.

19. On or about November 10th 2010, Plaintiff received notice from Experian informing Plaintiff that the balance on the REAL TIME RESOLUTIONS, INC account had been verified to reflect a balance of $33,885.00 (the "Nov 10th Experian Credit Report").

20. A true and correct copy of the Nov 10th Experian Report is attached hereto as Exhibit "A," except that Plaintiff's personal information has been redacted.

21. The balance of the REAL TIME RESOLUTIONS, INC account on or about November 10th, 2010, was not $33,885.00; it was zero.

22. If Defendant REAL TIME RESOLUTIONS, INC had properly corrected the inaccurate information that it was reporting to Experian, the Nov. 10th Experian Report would have shown a balance of zero.

23. Defendant REAL TIME RESOLUTIONS, INC did not properly report the balance on Plaintiff's account to Experian.

24. Despite Plaintiff's efforts, Defendant deliberately, willfully, intentionally, recklessly and negligently failed to perform a reasonable reinvestigation of Plaintiff's dispute as required by the FCRA and failed to timely remove the inaccurate information.

25. Plaintiff's credit reports and file have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving stable housing, different credit offers and opportunities, known and unknown, and from receiving more favorable terms in financing and interest rates for any credit offers that were ultimately made.

26. As a result of Defendant REAL TIME RESOLUTIONS, INC's conduct, Plaintiff suffered actual damages and financial and pecuniary harm arising from monetary losses relating to mortgage credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.

27. As a result of Defendant REAL TIME RESOLUTIONS, INC's conduct, Plaintiff suffered emotional distress.

28. As a result of Defendant REAL TIME RESOLUTIONS, INC's conduct, Plaintiff suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation.

29. As a result of Defendant REAL TIME RESOLUTIONS, INC's conduct, Plaintiff suffered a decreased credit score.

30. At all times pertinent hereto, Defendant REAL TIME RESOLUTIONS, INC was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant REAL TIME RESOLUTIONS, INC.

31. At all times pertinent hereto, the conduct of the Defendant REAL TIME RESOLUTIONS, INC, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The conduct of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to provisions cited herein.

34. Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abusive Plaintiff, in violation of 15 U.S.C. § 1692d.

35. Defendants made false, deceptive and misleading representations in connection with collecting a debt, in violation of 15 U.S.C. § 1692e.

36. Defendants misrepresented the amount of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

37. Defendants communicated false credit information, in violation of 15 U.S.C. § 1692e (8).

38. Defendants made false representations in the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10).

39. Defendants engaged in unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

40. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages, actual damages, and reasonable attorney's fees and costs.

## COUNT II: FCRA VIOLATIONS BY DEFENDANT REAL TIME RESOLUTIONS, INC

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant REAL TIME RESOLUTIONS, INC violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s(2)(b):

(a) Willfully and negligently failing to properly conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant REAL TIME RESOLUTIONS, INC;

(c) Willfully and negligently failing to report the inaccurate status of the inaccurate information to credit reporting agencies in a timely manner;

(d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

4

(e) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(f) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

43. Defendant REAL TIME RESOLUTIONS, INC's conduct was a direct and proximate cause, as well as a substantial factor, in causing damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant REAL TIME RESOLUTIONS, INC is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III: VIOLATIONS OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT BY DEFENDANT REAL TIME RESOLUTIONS, INC

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The purpose of the FCCPA is "to protect Florida residents from unfair debt collection activities." Fla. Stat. § 559.55 et. seq.

46. A violation of the FDCPA also constitutes a violation of the FCCPA. (15 U.S.C. §§ 1692-1692p) -- *LeBlanc v. Unifund CCR Partners*.

47. Defendants' acts violated the FDCPA.

48. Defendant REAL TIME RESOLUTIONS, INC's acts violated the FCCPA.

49. Defendant REAL TIME RESOLUTIONS, INC's acts in violation of the FDCPA and FCCPA were intentional.Pursuant to the FCCPA,

50. Defendant REAL TIME RESOLUTIONS, INC is liable for actual damages and for additional statutory damages of up to $1,000.

51. Pursuant to the FCCPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation.

## V. DEMAND FOR JURY TRIAL

52. Plaintiff is entitled to and respectfully demands a trial by jury.

WHEREFORE, Plaintiff NORICELY RODRIGUEZ MARQUEZ prays that Judgment be entered against

### A. DEFENDANT REAL TIME RESOLUTIONS, INC

5

## COUNT ONE (FDCPA)

• for an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

• for an award of actual damages pursuant to the FDCPA;

• for an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

• for such other and further relief as may be just and proper;

## COUNT TWO (FCRA)

• for an award of statutory damages pursuant to the FCRA;

• for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

• for such other and further relief as may be just and proper;

## COUNT THREE (FCCPA)

• for an award of statutory damages in the amount of $1,000.00 pursuant to Fla. Stat. § 559.77 (2)

• for an award of actual damages pursuant to the FCCPA;

• for an award of costs of litigation and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77 (2); and

• for such other and further relief as may be just and proper;

Respectfully submitted:

_____
NORICELY RODRIGUEZ MARQUEZ, pro se
Defendant

Dated this 22nd day of November, 2010